TEXTO COMPLETO DE LA RESOLUCION
El 19 de diciembre de 1995, nos negamos a expedir el auto de certiorari presentado en este caso. En la resolución de esa fecha expresamos nuestro criterio de que el padre alimentante no tiene derecho a que se le exima de descubrir su planilla de contribución sobre ingresos rendida conjuntamente con su actual esposa, pues eso no infringe el derecho a la intimidad de esta persona.
El padre alimentante, quien es el peticionario en este recurso, nos solicita que reconsideremos nuestro dictamen a base de que él entiende que nuestra decisión implica una adjudicación de que él tiene constituida una sociedad legal de gananciales con su actual esposa. Señala que esa conclusión nuestra es incorrecta por cuanto él y su actual esposa contrajeron matrimonio bajo un régimen de separación de bienes que excluye la existencia de una sociedad legal de gananciales. Para establecer ese dato, acompaña como apéndice de su moción de reconsideración copia simple de la escritura de capitulaciones matrimoniales.
Nuestra resolución no tiene el alcance que el peticionario le atribuye. Nuestra resolución no constituye una adjudicación en los méritos de ningún asunto planteado en el recurso de certiorari presentado ante nosotros porque la misma representa precisamente nuestro criterio de no revisar el dictamen recurrido. Lo expresado en nuestra resolución contiene meramente los fundamentos por los *1368 cuales entendimos prudente no ejercer la discreción que tenemos para expedir el auto. Pero en este caso concreto, si erramos al inferir que el peticionario había contraído nuevas nupcias bajo el régimen ! de ganancialidad fue inducidos por una petición defectuosa. Ciertamente en nuestra resolución anterior inferimos la existencia de una sociedad legal de gananciales entre él y su actual esposa. De hecho, incluimos el siguiente texto como escolio número 2: ' ' • i

"No tenemos que considerar el supuesto del matrimonio contraído bajo el régimen de sepáración de bienes mediante capitulaciones matrimoniales pues el recurrente no lo ha aducido. Hubiera sido . natural que lo hubiera hecho de regirse su matrimoniopor tales capitulaciones. De todos modos, aun i bajo el supuesto de que él hubiese contraído nuevas nupcias bajo el régimen de separación de bienes, \ entonces hubiera tenido que argumentar por qué no debería tomarse en cuenta el ingreso.-de su esposa para jijar la nueva pensión y por qué ella debería ser considerada un tercero a los fines de la confidencialidad de dicha planilla."

Nótese que nos pareció muy natural que el peticionario hubiese contraído su nuevo mátrimonio f bajo el régimen de ganancialidad (que en la vida cotidiana de los puertorriqueños esjo más común), pues de lo contrario (i.e., de haberse contraído bajo régimen de separación de bienes) el análisis de si j procedía el descubrimiento de la planilla en cuestión pudiera variar. Por esta razón, no concebimos cómo pudo el peticionario omitir de su petición de certiorari su verdadera situación respecto a la existencia de capitulaciones matrimoniales. Eso hubiera hecho innecesario qué nosotros 1 consideráramos lo relativo a la obligación que tiene en Puerto Rico toda sociedad legal de gananciales : respecto a los álimentos.de hijos de un matrimonio .anterior del cónyuge. i
Mucho menos concebimos que el peticionario, habiendo quedado advertido por él texto de la transcrita nota al calce número 2, no haya intentado siquiera discutir en su moción de reconsideración un aspecto muy pertinente a la expedición del recurso, a saber, por qué su actual esposa .debería ser considerada un tercero a los fines de la confidencialidad de dicha planilla. El peticionario simplemente aduce que es "tercero" porque nunca ha sido hecha parte en la acción. Pero tal ¡afirmación es insuficiente en derecho pues si esa aseveración bastara por sí sola, el peticionario tendría entonces que demostrar su legitimación activa (la de él) para plantear —en el contexto de hechos presentes en el recurso— la infracción de derechos constitucionales de terceras personas. Tal discusión está ausente de su moción de reconsideración.
Y sin que lo que ahora expresemos represente una adjudicación de la cuestión en los méritos, ya hemos visto en nuestra resolución anterior que la actual esposa del peticionario es abogada, rindió conjuntamente con éste sus planillas de contribución sobre ingresos a pesar de que la ley permite la rendición separada de planillas, aun incluso entre cónyuges casados bajo el régimen de bienes gananciales. Véase el actual Art. 1081(b)(4) del Código de Rentas Internas de 1994, 13 L.P.R.A. see.' 8451(b)(4) (Supl. 1995), igual al derogado. Conociendo la disposición especial del Art. 16 de la Ley ¡ de Sustento de Menores, 8 L.P.R.A. see. 515, que dispone que la planilla del alimentante está sujeta a ' descubrimiento en las acciones relativas a la pensión alimentaria de los hijos de su cónyuge, ella pudo haber rendido una planilla separadamente. Ese hubiera sido el mejor indicio de que la separación de bienes había trascendido la mera realidad de la tinta y el papel y de que, en efecto, -los cónyuges se estaban comportando de manera contraria a una sociedad legal de gananciales. :
En las circunstancias que hemos tenido ante nosotros, reiteramos nuestro anterior criterio de que el peticionario no podría reclamar para su cónyuge actual una expectativa razonable de intimidad frente al descubrimiento solicitado por la menor, hija de su marido. Nada de lo aquí expuesto debe entenderse como una opinión nuestra respecto a si los beneficios, si alguno, -que el peticionario pudiera derivar de su relación matrimonial con su actual esposa puede serle imputado a él como ingreso disponible a los fines de estimar la pensión alimentaria a sufragar a su menor hija. Tampoco debe tenerse como demostrativo de una opinión nuestra relativa a la obligación que pudiera tener la actual esposa del peticionario de contribuir a la manutención de la hija menor de su marido, en virtud de algún otro principio de derecho no alegado o invocado por la menor alimentista hasta este momento.
Lo que aquí expresamos está relacionado única y exclusivamente con un incidente de descubrimiento de prueba entre padre e hija y las expresiones que hemos vertido son meramente *1369 manifestaciones del proceso mental que nos ha llevado a la decisión de no revisar la resolución recurrida.
A la moción de reconsideración, no ha lugar.
Por tratarse de una acción de alimentos de incuestionable urgencia e importancia para la menor y las partes, notifíquese inmediatamente.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 14
1. Lo que sí nos parece claro es que cualquier asunto que pudiese afectar el patrimonio de la actual esposa del peticionario debe ser dilucidado en el tribunal de primera instancia previa una notificación adecuada a ella y una oportunidad razonable de ser oída. En cambio, no es necesario citarle ni notificarle de la solicitud de la copia de la planilla de su marido y padre de la menor alimentista, porque frente a esa niña, una vez escogió rendir conjuntamente con éste la planilla sabiendas de que la misma estaba sujeta a descubrimiento en una acción de alimentos contra su marido, no puede tener expectativa alguna de intimidad.
Por supuesto, tampoco está ante nosotros la controversia de la confidencialidad de una planilla rendida separadamente por el cónyuge de un alimentante por lo que nada tenemos que expresar en torno a esa hipótesis.